EDWIN H. HALL *vs.* HENRY W. WHEELER.

December 13, 1887.

Contract—Compromise—Consideration—Mistake of Law.—H. was the owner of certain land. It was sold for taxes, and W. became the purchaser. After the right to redeem had, as the parties supposed, expired, and the tax title become absolute, the parties made an arrangement, in accordance with which H. quitclaimed a part of the land to W., and W. quitclaimed the remainder; there being no fraud nor mistake of facts. *Held*, to be a compromise of their respective rights in the land, and that it will be upheld, although a subsequent judicial decision shows the rights of the parties to have been different from what they supposed.

Appeal by plaintiff from a judgment of the district court for St. Louis county, where the action was tried by *Stearns*, J., upon stipulated facts.

*J. A. Payne* and *C. E. Shannon*, for appellant, cited *Eaglesfield* v. *Marquis of Londonderry*, 4 Ch. Div. 693; 2 Pomeroy, Eq. Jur. §§ 842, 849; *Broughton* v. *Hutt*, 3 De Gex & J. 501; *Cooper* v. *Phibbs*, L. R. 2 H. L. 149; *Lansdowne* v. *Lansdowne*, Mosely, 364, 2 J. & W. 205; *Reynell* v. *Sprye*, 8 Hare, 222; *Blakeman* v. *Blakeman*, 39 Conn. 320; *Evants* v. *Strode*, 11 Ohio, 480, (38 Am. Dec. 744;) *Freeman* v. *Curtis*, 51 Me. 140, (81 Am. Dec. 564;) 1 Story, Eq. Jur. § 134; Kerr, Fraud and Mistake, 399; *Martin* v. *McCormick*, 8 N. Y. 331.

*White & Reynolds*, for respondent, cited *Stewart* v. *Stewart*, 6 Cl. & F. 911, 966; *Champlin* v. *Laytin*, 18 Wend. 407, (31 Am. Dec. 382;) *Shotwell* v. *Murray*, 1 John. Ch. 512; *Storrs* v. *Barker*, 6 John. Ch. 166, (10 Am. Dec. 316;) *Clarke* v. *Dutcher*, 9 Cow. 674; *Lyon* v. *Richmond*, 2 John. Ch. 51, 60; Story, Eq. Jur. §§ 131, 137, 138; *Hunt* v. *Rousmaniere*, 1 Pet. 1, 15; *Bank of U. S.* v. *Daniel*, 12 Pet. 32; *Sheldon* v. *Harding*, 44 Ill. 68.

GILFILLAN, C. J., Plaintiff was, except for the tax sales, the owner of about 37 acres of land in St. Louis county. In 1880 the lands were sold for taxes, and defendant became the purchaser, and received the proper certificates. In 1883 defendant claimed title to the land under such certificates. Plaintiff consulted legal counsel, and was

advised that the time for redemption from the tax sales had expired, and that defendant had good title under the tax sales. Defendant also consulted counsel, and was advised to the same effect. In August, 1883, the parties came together, and plaintiff made a money offer for defendant's title, which was rejected. Some further negotiations were had, and the parties finally made an agreement, in accordance with which plaintiff and wife executed to defendant a quitclaim deed of part of the land, and defendant and wife executed to plaintiff a quitclaim deed of the remainder. At this time, according to the decision subsequently made by this court in *State* v. *Smith*, 35 Minn. 257, (28 N. W. Rep. 241,) the time to redeem from the tax sales had not expired, because no notice had been served on the owner. Plaintiff brings this action to avoid his deed to the defendant.

Although neither the pleadings nor the stipulations of facts call it so, it is clear beyond all question that the arrangement between the parties was intended to be a settlement and compromise of whatever rights or interests they might respectively have or claim in the land. By the arrangement each derived a benefit from, and each conferred a benefit on, the other. The defendant abandoned all right to assert any claim under the tax sale to the land which he quitclaimed to plaintiff, and plaintiff abandoned all right to question the tax sale as to the land which he quitclaimed to defendant. Whether he believed he had or had not a right to redeem, he secured the land quitclaimed to him without redeeming. As there was no fraud, no misrepresentations, nor mistake of fact, and as the parties had equal means of ascertaining what their respective rights were, the courts must uphold any compromise of such rights, "although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them really had no rights at all, and so nothing to forego." *Perkins* v. *Trinka*, 30 Minn. 241, (15 N. W. Rep. 115.)

Judgment affirmed.