# NOVO DASICH v. LA RUE MINING COMPANY.[1]

June 26, 1914.

Nos. 18,639—(156).

**Setting aside improvident settlement by guardian.**

1. An improvident and fraudulent settlement by a guardian of his ward's cause of action, though approved by the court in which the action is pending, may be vacated and set aside upon a showing of the facts, even though the defendant in the action be not affirmatively shown to have participated in the fraud. Picciano v. Duluth, M. & N. Ry. Co. 102 Minn. 21, 112 N. W. 885, followed and applied.

**Order sustained.**

2. Facts disclosed, and stated in the opinion, *held* to justify an order vacating the settlement.

Application to the municipal court of Duluth to set aside a judgment in favor of plaintiff for the sum of $107. The motion was granted, Windom, J. From the order granting the motion and setting aside the judgment, defendant appealed to the district court for that county where the order was affirmed, Ensign, Cant, Dancer and Fesler, JJ. From the order of the district court affirming the order of the municipal court, defendant appealed. Affirmed.

*Alexander Marshall,* for appellant.

*Thomas S. Wood,* for respondent.

BROWN, C. J.

Plaintiff's ward, Novo Dasich, received an injury while in the employ of defendant, by reason of the alleged negligence of defendant; the injury resulting in insanity. One Nicholich, on August 7, 1911, soon after the injury, procured himself to be appointed guard-

[1] Reported in 148 N. W. 45.

Note.—On the question of the power of a guardian to compromise infant's cause of action for personal injuries, see note in 21 L.R.A.(N.S.) 338. And as to the power of a general guardian to submit cause of action for arbitration, see note in 70 L.R.A. 175.

ian of Dasich and as such, on September 20 following, brought suit against defendant in the municipal court of Duluth to recover for the injuries received; the damages claimed being $500. No recovery was claimed, however, for the insanity resulting from the injury; the injury complained of being a shock to the nervous system only. On September 22, two days after the commencement of the action, a settlement thereof was effected and Nicholich accepted $100 in full for all damages claimed. The settlement, which was evidenced by a stipulation signed by Nicholich and his attorney and the attorney for the defendant, was approved by the judge of the municipal court in which the action was pending, and the order of approval recited that inquiry into the facts had been made by the court. Judgment was entered for the amount of the settlement with costs on September 25, 1911. On October 22, 1912, an order was made by the probate court, removing Nicholich as guardian, on the ground that he had violated the trust imposed in him and had embezzled the money coming to him as such, and plaintiff herein was duly commissioned guardian in his stead. Thereafter on January 22, 1913, the new guardian duly presented to the municipal court a petition, verified by his attorney, asking that the settlement of the action, and the judgment entered thereon, be vacated and set aside on the ground that the settlement was improvident, was fraudulently entered into by the former guardian for the sole purpose of procuring the benefits thereof for his own use. The ward, Dasich, during all the times stated was, and so far as the record discloses, still is insane. Neither his wife, nor his parents, all residing in a foreign country, were consulted with reference to the settlement. After hearing the parties the municipal court, the judge thereof who signed the approval order presiding, made an order vacating the settlement and judgment, from which defendant appealed to the district court where the order was affirmed. Defendant again appealed to this court.

It was clearly made to appear to the municipal court that the settlement, at least as far as concerned the conduct of the guardian, was fraudulent, and was, in view of the facts presented, improvident and in total disregard of the interest of the ward. There was no showing by defendant to the contrary. The application to vacate was

submitted solely upon the record in the case and the petition of the new guardian. The facts therein stated were not disputed by defendant, but there was no express charge of fraud or bad faith on its part. We think the case is controlled by the decision in Picciano v. Duluth, M. & N. Ry. Co. 102. Minn. 21, 112 N. W. 885. That case involved facts substantially like those at bar, except that there was in that case no court approval of the settlement, and the trial court was upheld in vacating the setttlement and dismissal of the action and reinstating the cause on the calendar for trial. The reasons for the rule adopted are sufficiently stated in the opinion in that case and need not here be repeated. There was in that case, as in the case at bar, no affirmative showing of fraud on the part of the defendant in procuring the settlement, yet the court found that the interests of the ward were wrongfully bargained away by the guardian, and the settlement was vacated.

The fact that under our present statute settlements of this kind must, to be valid, receive the approval of the court in which the action is pending, and no such approval was required or had in that case, does not differentiate the two cases. While the court made an order of approval in this case, it was not thereby deprived of the right subsequently to reconsider the matter upon an application to vacate the order. That the facts justified the court, in the exercise of its sound judgment, in vacating the settlement seems clear, notwithstanding the fact that there was no affirmative showing of fraud or bad faith on the part of defendant. An entirely new situation, as respects the merits of plaintiff's cause of action, was presented on the application to vacate the settlement and a fact brought out, which we are entitled from the record to assume was not presented when the order of approval was made. The complaint then before the court predicated plaintiff's claim to damages upon the theory that he had, by reason of the negligence complained of, suffered a shock to his nervous system, and that was the sole basis relied upon for asking compensation. Whereas, on the application to vacate, the additional fact was presented that the injury received resulted in insanity. There was no denial on the hearing that such was the result of plaintiff's injury, and it is not claimed that that fact was before

the court when the order of approval was made.   The facts were not therefore fully presented to the court on the application for approval, and the court rightly took into consideration this new feature of the case.   Nor did the defendant claim in opposition to the application that it was unaware of this fact, though from the record in the case it did know that plaintiff was insane.   The previous order of approval was therefore no bar to the relief.   Missouri Pac. Ry. Co. v. Lasca, 79 Kan. 311, 99 Pac. 616, 21 L.R.A. (N.S.) 338, 17 Ann. Cas. 605.   And under the Picciano decision the absence of a showing of bad faith on the part of defendant did not preclude the court from correcting the wrong resulting from the fraudulent acts of the guardian.

Order affirmed.