# BERNICE CLARK v. GORDON GRONLAND AND OTHERS.[1]

April 18, 1946.

No. 34,127.

[1]Reported in 23 N. W. (2d) 169.

*Phillips & Sherwood,* for appellants.

*C. U. Landrum* and *Fred Dennis,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Appeal from an order vacating a prior order approving a settlement made on behalf of plaintiff, Bernice Clark, a minor, by Thomas J. Clark, her father and natural guardian, for injuries sustained by her while riding as a passenger in an automobile owned by defendants Clarence Gronland and Gayle Brantseg and operated by defendant Gordon Gronland at the time of the accident.

On March 6, 1944, the original order of approval was made pursuant to Minn. St. 1941, § 540.08 (Mason St. 1940 Supp. § 9172), based upon the affidavit of Dr. A. R. Ellingson, dated March 4, 1944, to the effect that as a result of the accident plaintiff suffered the following injuries: contusion of left cheek; small cut on left cheek; bruises to neck; contusion to left hip; fracture of second metatarsal bone of the left foot with dislocation of cuboid bone and bruising of the metatarsal bone. The affidavit further set forth that no further medical treatment was necessary and that complete recovery could be expected.

Subsequently, it appears that plaintiff did not recover from the injuries, and approximately a year later her father moved in her behalf for an order to vacate the prior order approving the settlement, on the ground of mutual mistake of the parties. There was submitted with said motion the affidavit of Dr. John H. Moe to the effect that the injury to plaintiff's left foot had resulted in a "bony deformity and roughness in the region of the first cuneiform," which "was corrected by means of an operative fusion carried out March 30, 1945"; also that "there was an overgrowth of bone in this region which was also removed"; and that all such "deformity and disability resulted" from the original accident.

There was further submitted with such motion plaintiff's affidavit to the effect that subsequent to the settlement she had not re-

covered from the injuries; that a bone on her left foot of considerable size remained out of place; and that the pain to her injured foot continued thereafter and compelled her at times to cease her employment.

Based upon the foregoing, the trial court determined that the settlement was made upon a mutual mistake of fact as to the kind of injuries and the extent thereof, and it vacated and set aside the prior order approving the same.

On appeal, defendants assert (1) that the court erred in finding that a mutual mistake of fact existed; and (2) that, before the court was authorized to vacate the approval of settlement, it was incumbent upon plaintiff to repay defendants all sums previously paid thereon.

■ We have repeatedly held that the trial court may, for good cause, review an order approving a settlement made pursuant to § 540.08 (§ 9172); and that if, upon such review, it appears that such settlement was based upon mutual mistake of fact, it may vacate and set aside its order of approval. Dasich v. La Rue Min. Co. 126 Minn. 194, 148 N. W. 45; Wilson v. Davidson, 219 Minn. 42, 49, 17 N. W. (2d) 31, 35. To justify setting aside a settlement, it must appear that the injuries or disabilities subsequently discovered were unknown to the parties at the time of settlement and consequently were not taken into account in making the same. Richardson v. C. M. & St. P. Ry. Co. 157 Minn. 474, 196 N. W. 643.

Where separate and distinct injuries appear subsequent to settlement, in the interests of justice the court should vacate its order of approval. It is not necessary in such cases that there be a showing of fraud or bad faith on the part of defendant. Dasich v. La Rue Min. Co. supra.

Here, the affidavits submitted establish that the exact nature of plaintiff's injuries was not fully known at the time of the original settlement. The order of approval was based upon the statement that the only injuries sustained were a simple fracture of the second metatarsal bone and a dislocation of the cuboid, both of the left foot, from which it was asserted she would completely recover.

508

·Actually, as the subsequent affidavit of Dr. Moe disclosed, at the time of the settlement there was a deformity and overgrowth of bone in the region of the first cuneiform of the foot, which of necessity had to be corrected by an operative fusion.

Defendants assert that there is no distinction between the two injuries, and that the dislocation of the cuboid bone described in Dr. Ellingson's affidavit is, in substance, the same as the bony deformity and roughness in the region of the first cuneiform, as described by Dr. Moe. No medical or expert testimony was submitted to support defendants' contention in this respect. While it is true that the parts of the foot described in the two affidavits are in the same general location, we must conclude that the trial court, in the absence of other evidence to the contrary, was justified in finding that the first and second disabilities described were separate and distinct, and hence that those subsequently discovered, as described by Dr. Moe, were not within the contemplation of the parties at the time settlement was made. We hold that the court did not abuse its discretion or exceed its authority in setting aside and vacating its prior order. Wilson v. Davidson, 219 Minn. 42, 17 N. W. (2d) 31; Elsen v. State Farmers Mut. Ins. Co. 219 Minn. 315, 17 N. W. (2d) 652. The case is substantially similar to the Wilson case, where the original settlement was based upon medical statements that plaintiff had sustained an injury to the mandibular joint of the jaw, from which he had entirely recovered, and where subsequent medical evidence indicated that he had actually sustained a tear in the capsules of the mandibular joint of the jaw. There, evidence was submitted in opposition to the motion to the effect that in every jaw dislocation there is a stretching or tearing of the fibers forming the capsule of the mandibular joint. Nevertheless, we upheld the trial court's determination to exercise its discretion in vacating the prior order of settlement. There we stated (219 Minn. 52, 17 N. W. [2d] 36):

"* * * Once a settlement is approved, the court should be cautious in vacating its order of approval. Its discretion cannot be exercised arbitrarily or without cause. But where, as here, there

was adequate basis for the exercise of the court's discretion, we should not interfere."

■ Defendants assert that the order appealed from cannot be sustained for the reason that plaintiff, as a prerequisite thereto, did not repay or tender to defendants the sums paid on the original settlement.

We have frequently held that a party repudiating a release for fraud cannot be required, as a condition precedent, to return the money paid, and that, where money received in settlement of a claim for personal injuries was expended for medical aid before plaintiff learned of other injuries, his failure to return such sums so paid did not constitute a ratification of the settlement. In such cases, it is proper for the court to instruct the jury to apply the sums paid on such settlement in reduction of damages. Thus, in Althoff v. Torrison, 140 Minn. 8, 12, 167 N. W. 119, 121, we stated:

"* * * Plaintiff testified that she had expended all this money [for which the release was given] in doctor bills long before she learned the cause of her continued and permanent disability, and there is no evidence to the contrary. This fact differentiates the present case from Valley v. Crookston Lumber Co. 128 Minn. 387, 151 N. W. 137, and brings it within the rule applied in Merrill v. Pike, 94 Minn. 186, 102 N. W. 393, and Marple v. Minneapolis & St. L. R. Co. 115 Minn. 262, 132 N. W. 333, Ann. Cas. 1912D, 1082. And in view of this condition of the evidence we think that the inaccuracy, if any, in the charge of the court concerning the effect of retaining and using the money after knowledge of the facts does not constitute reversible error. The jury were properly instructed to apply the $350 in reduction of damages, if they found that plaintiff was entitled to recover."

In Marple v. M. & St. L. R. Co. 115 Minn. 262, 266, 132 N. W. 333, 334, Ann. Cas. 1912D, 1082, we expressed this doctrine:

"* * * But the real ground of all the cases, we think, is that there is no reason for the strict application of the rule [that party rescinding contract must return or offer to return what he has re-

ceived thereunder] when substantial justice can be meted out in the final disposition of the case. [Citing cases.]"

While the foregoing cases do not relate to releases involving minors and which were set aside because of mutual mistake of fact, this court has applied the foregoing doctrines to such releases in Elsen v. State Farmers Mut. Ins. Co. 219 Minn. 315, 17 N. W. (2d) 652, wherein we cited with approval the Marple and the Althoff cases on this issue.

Upon a trial of this action, all issues are now open for determination; and, in the event of recovery by plaintiff, the court may properly instruct the jury to apply the sums previously paid in settlement in reduction of damages, if any, which may be awarded plaintiff.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.

