Dianne Leigh JOHNSON, by Harold R.
Johnson, guardian, Appellant,

v.

ST. PAUL INSURANCE COMPANIES
et al, Respondents.

No. 50948.

Supreme Court of Minnesota.

May 8, 1981.

Lommen, Nelson, Sullivan & Cole, P. A., Phillip A. Cole and Sharon D. Nelson, Minneapolis, for appellant.

Geraghty, O'Loughlin & Kenney, James W. Kenney and Timothy R. Murphy, St. Paul, for respondents.

AMDAHL, Justice.

Plaintiff Dianne Johnson appeals from a judgment entered in favor of defendants St. Paul Insurance Companies and St. Paul Fire and Marine Company and from an order of the district court denying her motion for amended and additional findings. We affirm.

The facts giving rise to the present action were the subject of a petition for approval of a minor settlement of a claim against defendants for benefits arising out of an accident which occurred in 1971. *Johnson v. St. Paul Insurance Cos.*, No. 389175 (Minn. 4th Dist.Ct. Feb. 9, 1973) (order approving minor settlement). On November 15, 1971, plaintiff, then 14 years old, was struck while a pedestrian by an unidentified hit and run driver and sustained serious injuries. At the time of the accident, Mr. Johnson maintained a policy of automobile insurance issued by defendants under which plaintiff was an insured. The policy provided uninsured motorist coverage with limits of $100,000 per person and $300,000 per accident for which separate premiums were paid on each of two vehicles owned by Mr. Johnson.

During settlement negotiations, all parties believed that the maximum available coverage for the accident in question under the uninsured motorist provision of the subject policy was $100,000.[1] Mr. Johnson and representatives of defendants subsequently reached a settlement figure of $85,124.70. The settlement was approved by the district court on February 9, 1973. A release of defendants from all further liability for payment of uninsured benefits for the accident was executed on February 19, 1973 upon payment of the settlement amount.

On May 11, 1973, approximately three months after the minor settlement was approved, this court decided *Van Tassel v. Horace Mann Mutual Insurance Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973). In that case, we struck down policy provisions purporting to limit payment of uninsured benefits to coverage provided under one policy when more than one policy was applicable to the loss as repugnant to Minn.Stat. § 72A.149 (1967) (current version at Minn. Stat. § 65B.49 (1980)). Thus, available uninsured motorist coverage could be "stacked" to the extent of an insured's damages.

\* \* \* \*

---

1. The policy provided in part:

a) The limit of liability for uninsured motorist coverage stated in the declarations as applicable to "each person" is the limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the Company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

Other Insurance.
\* \* \* [I]f the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Mr. Johnson subsequently learned of the possibility of "stacking" coverages and on June 25, 1979, the present action was commenced to vacate the order of February 9, 1973 approving the minor settlement and to set aside the releases executed thereto on the grounds of mutual mistake and/or misrepresentation. Plaintiff also sought a determination that the policy issued by defendants provided $200,000 in uninsured motorist coverage for the accident in question and an order compelling defendants to arbitrate plaintiff's uninsured motorist claim. Defendants denied the allegations of the complaint and affirmatively alleged the defenses of accord and satisfaction, payment, release, laches and that the action was barred by the statute of limitations. Following a trial on the merits, the relief requested by plaintiff was in all respects denied and this appeal ensued.

■ Minn.R.Civ.P. 60.02 recognizes the district court's authority to "entertain an independent action to relieve a party from a judgment, order, or proceeding * * *." Resort to an independent action is available rarely, and then only under unusual circumstances.[2] In *Eliseuson v. Frayseth*, 290 Minn. 282, 288, 187 N.W.2d 685, 688, (1971), we stated that a party seeking relief from a minor settlement may proceed either by a motion to vacate under Rule 60.02 or by an independent action.

■ Although the motion procedure is subject to a one-year limitation period if the alleged reason for vacation is among those set forth in Rule 60.02(1), (2) or (3), there is no specific time limit in which an independent action in equity may be brought although the doctrine of laches is applicable and undue prejudicial delay may bar relief.

The trial court did not rule on the applicability of the doctrine of laches in this case nor have defendants asserted the defense on this appeal. We will therefore proceed to address the merits of plaintiff's request for a vacation of the minor settlement.

It is plaintiff's position that the settlement should be vacated upon either of two grounds: (1) mutual mistake of fact regarding the amount of available uninsured motorist coverage or (2) misrepresentation amounting to constructive fraud because Mr. Johnson reasonably relied upon representations made by defendants as to the maximum coverage applicable to the accident. Plaintiff's argument is premised on the theory that in view of the *Van Tassel* decision, the subject policy in fact provided a maximum of $200,000 as opposed to $100,000 of uninsured motorist coverage resulting in a settlement entered on the basis of a mistake of fact. Furthermore, it is argued that although the representations were innocently made, the statements made by defendants regarding available coverage were misrepresentations. It is conceded that there is no evidence of fraud or intent to deceive on the part of any agents of defendants in connection with the negotiations or the ensuing settlement.

■ Certain principles regarding whether and under what circumstances a settlement may be vacated are now well established. Settlement of disputes without litigation is highly favored, *Schmidt v. Smith*, 299 Minn. 103, 216 N.W.2d 669 (1974), and such settlements will not be lightly set aside by the courts. The party seeking to avoid a settlement has the burden of showing sufficient grounds for its vacation. *Schoenfeld v. Buker*, 262 Minn. 122, 114 N.W.2d 560 (1962). We have further noted that "vacating a stipulation of settlement rests largely within the discretion of the trial court, and the court's action in that regard will not be reversed unless it be shown that the court acted in such an arbitrary manner as to frustrate justice." *Myers v. Fecker Co.*, 312 Minn. 469, 474, 252 N.W.2d 595, 599 (1977). These precepts apply with equal force to cases involving a minor's injuries. *Id.* 252 N.W.2d at 599.

---

**2.** See the discussion of the independent action for relief in 11 C. Wright & A. Miller, Federal

Practice and Procedure: Civil § 2868 (1973).

In the case at bar, we hold that the trial court did not abuse its discretion in refusing to vacate the settlement. No mutual mistake of fact, misrepresentation, or other ground justifying a setting aside of the settlement existed in connection with this case. The requested relief was therefore properly denied.

Although decided in a different context, the case of *Hall v. Wheeler*, 37 Minn. 522, 35 N.W. 377 (1887) is instructive. In *Hall*, an owner of real property sought to avoid a deed transferring a part of the subject property to a purchaser of the property at a tax sale. Both parties believed and were advised by counsel that the time for redemption from the tax sale had expired and that therefore the purchaser had good title. The parties thereafter negotiated a settlement whereby the owner and the purchaser exchanged quitclaim deeds so that each owned a part of the land in question. Subsequently, a decision of this court held that a purported repeal of the statute requiring the service of notice of the period of redemption from tax sales was unconstitutional. Therefore, in the *Hall* case, the time to redeem from the tax sale had not expired because no notice had been served on the owner and the purchaser did not have good title. In affirming a judgment entered in favor of the purchaser, this court stated:

> As there was no fraud, no misrepresentations, nor mistake of fact, and as the parties had equal means of ascertaining what their respective rights were, the courts must uphold any compromise of such rights, "although a judicial decision should afterwards be made showing that these rights were different from what they supposed them to be, or showing that one of them had no rights at all, and so nothing to forego."

*Id.* at 523, 35 N.W. at 377 (citation omitted).

Similarly, in the case at bar, although both parties may have believed that the available coverage was limited to $100,000, pursuant to the "other insurance" provision of the subject policy, our subsequent decision in *Van Tassel* invalidating such provisions does not constitute a ground for refusing to uphold the settlement in question. There is no allegation of any fraud, concealment, undue influence, or even any knowledge of the possibility of "stacking" coverages on the part of defendants in negotiations leading to the settlement of plaintiff's claim for uninsured motorist benefits. Furthermore, the settlement was approved by the district court, the settlement amount was less than the limits under one policy, the monies were paid, releases signed and more than five years had passed since our decision in *Van Tassel* before plaintiff commenced this action to reopen the case.

We hold that in light of these circumstances and in the absence of a showing of any inequitable conduct on the part of the party opposing the vacation of a settlement, our subsequent decision on the "stacking" issue does not justify vacating an otherwise valid settlement entered into by the parties prior to that decision. This holding is consistent with the strong public policy interest in the finality of settlements.

We are also unpersuaded that a mutual mistake of fact in settling the claim was made by the parties in case at bar. In contrast to settlements of claims based upon a mutual misunderstanding of the extent of a minor's injuries, e. g., *Larson v. Stowe*, 228 Minn. 216, 36 N.W.2d 601 (1949), in the instant case, every fact necessary to form a correct conclusion with regard to the legal effect of the "other insurance" provision contained in the subject policy was available to both parties at the time the settlement was consummated.

If any "mistake" or "misrepresentation" was made, it was one of law as opposed to one of fact. In *Piedmont Trust Bank v. Aetna Casualty and Surety Co.*, 210 Va. 396, 171 S.E.2d 264 (1969), the court was presented with the identical issue as is here presented. In that case, the administrator of the estate of three decedents killed in an automobile collision settled the claims with the primary insurer for reduced sums, believing that uninsured motorists coverage could not be "stacked." This belief was

based on the advice of counsel and others who relied in part on a federal court decision. Approximately 15 months after the claims were settled and the money paid, a decision of the Virginia Supreme Court nullified the federal holding. In that decision, the court determined that the uninsured motorist coverage, where multiple policies were involved, was cumulative instead of exclusive. Thereafter, the administrator brought suit attempting to set aside the settlements, restoring the parties to their prior rights so that claims could be made against the additional potential coverage. The court held that the trial court properly dismissed that action. Noting that every fact necessary to form a correct conclusion of law was known to the adverse parties at the time of settlement, it was said that relief would not be granted to the administrator because a mistake of law had been made. In so concluding, the court stated that until such time as it had ruled on the validity of the "other insurance" provision, the matter was not "susceptible of exact knowledge or interpretation and could only be the subject of an opinion." *Id.* at 400, 171 S.E.2d at 267.

In *Van Tassel*, we recognized that the issue of "stacking" was one upon which the courts were in disagreement. 296 Minn. at 185, 207 N.W.2d at 350–351. Prior to our decision in *Van Tassel*, Minnesota law was unclear as to whether limiting provisions such as those contained in the policy at issue were valid.

The alleged misrepresentations made by defendants herein regarding the applicable policy limits constituted merely their opinions of the law as opposed to misrepresentations of fact. In contrast to the situation presented in *Stark v. Equitable Life Assurance Society of United States*, 205 Minn. 138, 285 N.W. 466 (1939), the circumstances of the instant case do not bring it within the ambit of the exceptions to the general rule that misrepresentations of law do not constitute actionable fraud. Plaintiff in the instant case has neither demonstrated a sufficient fiduciary relationship of trust and confidence nor a superior knowledge held by defendants used to the disadvantage of the solicited confidence of the defrauded party.

Having concluded that no grounds exist for vacating the settlement, the other issues raised by the parties in this case need not be addressed. Accordingly, the order and judgment of the district court is affirmed.

OTIS, J., took no part in the consideration or decision of this case.