Gene A. SNESRUD, as Trustee for the Heirs and next of kin of Julie Ann Snesrud, Deceased, and Gene A. Snesrud, as Father and natural guardian of Michelle R. Snesrud, a minor, Sarah J. Snesrud, a minor, and Brian J. Snesrud, a minor, Petitioner, Respondents,

v.

Janice Regina ELBERS, Defendant,

MSI Insurance Company, Appellant.

No. CX–85–607.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Review Denied Dec. 19, 1985.

Michael Fargione, Minneapolis, for respondents.

Eric J. Magnuson, Minneapolis, for defendant.

James M. Shultz, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant MSI Insurance Company appeals from the trial court's ruling that a settlement agreement between the parties should not be rescinded. Appellant claims that there was mutual mistake of fact, thus rendering the agreement void. We affirm.

## FACTS

On March 12, 1984, Julie Ann Snesrud was killed in a head-on collision with a vehicle owned and driven by Janice Elbers. Snesrud's three children were seriously injured in the accident.

The Snesrud vehicle was insured by MSI Insurance Co., which is the appellant in this action. The insurance policy included uninsured motorist coverage in the amount of $50,000 for each occurrence, and Gene Snesrud also owned a second vehicle similarly insured by MSI. MSI determined that Elbers was an uninsured motorist based upon the claim of All Nation Insurance Company, which provided Elbers' insurance coverage, that Elbers had allowed her insurance coverage to lapse. Thus, MSI agreed to settle the Snesrud wrongful death and injury claims by paying the limits of the uninsured motorist coverage, a total of $100,000, plus the balance of some no-fault insurance benefits.

The parties entered into a structured settlement, and MSI petitioned the Dakota County District Court for approval of the settlement. The court approved the settlement on September 20, 1984.

Some time before Snesrud and MSI concluded their structured settlement, All Nation admitted that Elbers had insurance coverage at the time of the accident. Snesrud and MSI, however, did not learn of this until after they had concluded the settlement. On February 12, 1985, MSI petitioned the district court to set aside, on the grounds of mutual mistake of fact, the

settlement between MSI and Snesrud and vacate the order approving the settlement. The district court denied the motion. This appeal followed.

## ISSUE

Did the trial court err in denying MSI's motion to rescind the settlement agreement between MSI and Snesrud?

## ANALYSIS

A court, upon a motion, may set aside a final judgment and order a new trial for reasons of mistake, inadvertence, surprise, or excusable neglect. Minn.R. Civ.P. 60.02 (1985). A trial court may set aside a settlement made on behalf of a minor if the settlement was based upon a mutual mistake of fact. *Eliseuson v. Frayseth*, 290 Minn. 282, 284, 187 N.W.2d 685, 686 (1971).

Settlements are highly favored by the judiciary and will not be lightly set aside. *See Johnson v. St. Paul Ins. Co.*, 305 N.W.2d 571, 573 (Minn.1981). The party seeking to have the settlement set aside has the burden of showing sufficient grounds, and the decision to set aside the settlement is largely within the discretion of the court. *Id.* These rules apply equally to settlements on behalf of minors. *Id.*

This court recently considered a case with facts similar to those here. *See Fryer v. National Union Fire Ins. Co.*, 346 N.W.2d 353 (Minn.Ct.App.1984). There, we held that the denial of coverage triggered uninsured motorist coverage and that a subsequent admission of coverage did not nullify the insurance company's duty to pay uninsured motorist benefits. *Id.* at 356. In reversing, the Minnesota Supreme Court held that a liability insurer's admission of coverage prior to the conclusion of a settlement between the parties nullified the duty to pay uninsured motorist benefits. *Fryer v. National Union Fire Ins. Co.*, 365 N.W.2d 249, 254 (Minn.1985). The supreme court stated, however, that "a postarbitration admission of coverage involves entirely different considerations." *Id.* at 253. The case at bar requires that we consider those other factors that *Fryer* did not involve.

In this case, MSI entered into an agreement to pay the survivors of Julie Snesrud uninsured motorist benefits. There was an admission by Elbers' insurance provider prior to the conclusion of the settlement agreement. MSI failed to discover that All Nation had made this admission before it entered into the agreement. We cannot reward MSI's inadvertence by declaring the settlement nugatory. Settlement agreements, once concluded, deserve to be considered final; they will not be lightly set aside by a reviewing court. *See Johnson*, 305 N.W.2d at 573. Unlike the appellant insurance company in *Fryer*, MSI did not make the necessary investigation to discover whether the other driver was covered by insurance. Public policy does not favor imposing a burden solely on the insured to determine whether the other party was indeed covered. There are, however, conflicting public policy concerns in this case.

On the one hand, a party should be able to settle with the insurance company without investigating whether another driver is insured. On the other hand, the insurer's burden to inquire, so that the appropriate insurer pays, might delay settlements and slow the insured's recovery of benefits. In this case, the concern that the insurance provider's lack of diligence not be rewarded is overriding. It is not the duty of the insured to determine whether he or she is entitled to benefits. Once that provider determines that the insured is entitled to benefits and then concludes a settlement agreement, that agreement will be accorded finality.

## DECISION

Because appellant failed to exercise due diligence, the trial court properly refused to order rescission of the settlement agreement.

Affirmed.