Patricia E. MIKLAS, as trustee for the Next–of–Kin of Kathleen Rose Fields and Daniel Joseph Fields, Deceased, Respondent,

v.

Stephen Travis PARROTT, et al., Defendants,

Illinois Farmers Insurance Company, Appellant.

No. C4–02–2021.

Court of Appeals of Minnesota.

June 24, 2003.

John E. Vukelich, Edina, MN, for respondent.

Daniel A. Beckman, Kathleen M. Loucks, Gislason & Hunter, L.L.P., Minnetonka, MN, for appellant.

Considered and decided by HARTEN, Presiding Judge, STONEBURNER, Judge, and MINGE, Judge.

## OPINION

STONEBURNER, Judge

Appellant Illinois Farmers Insurance Company challenges the district court's denial of its motion to vacate an order appointing respondent Patricia E. Miklas trustee of the next-of-kin of Kathleen Rose Fields and Daniel Josephs Fields and approving settlement of a lawsuit brought by Miklas as trustee of the next-of-kin of Kathleen Rose Fields, a minor. During settlement negotiations and in her complaint against the uninsured driver, the vehicle's owner, and Illinois Farmers, Miklas represented herself as the trustee for the next-of-kin to Kathleen Fields and Daniel Fields. But Miklas was not appointed as trustee until the day of the settlement-approval hearing, which occurred more than three years after the deaths of Kathleen and Daniel Fields. Because the district court abused its discretion by denying Illinois Farmers' motion to vacate appointment and approval of the settlement, we reverse that portion of the judgment. Because Illinois Farmers is no longer liable for uninsured-motorist benefits claimed as a result of the accident that killed Kathleen and Daniel Fields, we affirm the district court's dismissal of Miklas's claims arising out of the death of Daniel Joseph Fields.

## FACTS

Kathleen Rose Fields and her brother, Daniel Joseph Fields, were killed in a one-car accident on May 29, 1997. The Fields siblings were passengers. Neither the driver nor the owner of the involved automobile was insured. But the decedents, and their mother, respondent Patricia E. Miklas, were insured as members of the household of Miklas's surviving son, under a policy issued to him by appellant Illinois Farmers Insurance Company.

In January 1999, Miklas brought a wrongful-death action against the driver and the owner of the vehicle involved in the accident. In the same action, Miklas sued Illinois Farmers for uninsured-motorist benefits. Miklas brought the lawsuit as trustee for the next-of-kin of both Kathleen and Daniel Fields. Miklas asserted in the complaint that the court had appointed her as trustee of the next-of-kin of both children on September 29, 1997.

Illinois Farmers entered into settlement negotiations with Miklas, as trustee of the next-of-kin of Kathleen Fields, and agreed to settle claims asserted on behalf of Kathleen Fields's next-of-kin for $30,000, payable to Miklas "as trustee for the next-of-kin of Kathleen Rose Fields." Miklas petitioned the district court for approval of the settlement. Believing this to be a routine hearing to approve a minor settlement, Illinois Farmers did not attend.

For reasons that are not clear on the record provided to this court, Miklas had not actually been appointed as trustee for the next-of-kin for either child, so at the January 17, 2002, settlement-approval hearing, counsel for Miklas apparently requested that the court appoint Miklas as trustee. The district court appointed Miklas trustee for the next-of-kin of both decedents and, in the same order, approved the settlement. Illinois Farmers first learned that Miklas was not the appointed trustee, as she had alleged in her complaint and during settlement negotiations, when it received the district court order. Illinois Farmers immediately moved under Minn. R. Civ. P. 60.02 to vacate the order that appointed Miklas as trustee and approved the settlement on the ground that the settlement was void because it had been entered into under mistake and misrepresentation. Illinois Farmers also moved to dismiss the remaining claims asserted by Miklas on behalf of the next-of-kin of Daniel Fields on the ground that Miklas had no standing to assert the claims, and Illinois Farmers had no liability for the claims because Miklas had not been appointed as trustee prior to the expiration of the statute of limitations for wrongful-death claims.

The district court denied Illinois Farmers' motion to vacate the order appointing Miklas as trustee and approving the settlement, but dismissed all of Miklas's remaining claims because the statute of limitations for wrongful-death actions had expired. Illinois Farmers appeals the denial of its motion to vacate the order, and Miklas filed a notice of review challenging the dismissal of her claim for uninsured-motorist coverage asserted due to the death of Daniel Fields.

## ISSUES

1. Did the district court abuse its discretion by denying Illinois Farmers' motion to vacate the appointment of Miklas as trustee of the next-of-kin of Kathleen Fields made more than three years after Kathleen Field's death and by denying the motion to vacate approval of the settlement that was entered into under the mistaken belief that Miklas had been appointed trustee within three years of death?

2. When an insured's death is caused by an uninsured driver, does expiration of the statute of limitations for a wrongful-death action before an action is commenced against the uninsured driver terminate the liability of the uninsured-motorist-coverage carrier?

## ANALYSIS

### 1. Motion to vacate

■ Vacating a stipulation of settlement rests largely within the discretion of the district court, and "the court's action in that regard will not be reversed unless it be shown that the court acted in such an arbitrary manner as to frustrate justice." *Johnson v. St. Paul Ins., Co.,* 305 N.W.2d 571, 573 (Minn.1981) (quoting *Myers v. Fecker Co.,* 312 Minn. 469, 474, 252 N.W.2d 595, 599 (1977)). Settlement of disputes without litigation is highly favored and will not be lightly set aside by a court. *Id.* "The party seeking to avoid a settlement has the burden of showing sufficient grounds for its vacation." *Id.* (citation omitted). A district court may set aside a settlement made on behalf of a minor if the settlement was based on a mutual mistake of fact. *Snesrud v. Elbers,* 374 N.W.2d 830, 832 (Minn.App.1985), *review denied* (Minn. Dec. 19, 1985); *Eliseuson v. Frayseth,* 290 Minn. 282, 284, 187 N.W.2d 685, 686 (1971).

Miklas argues that her mistaken assertion that she was appointed as trustee for the next-of-kin of Kathleen and Daniel

Fields in 1997 is immaterial to the validity of the settlement because appointment as trustee "is in no way a prerequisite for the settlement of an uninsured motorist claim." Miklas supports this claim with citations to *State Farm Ins. Co. v. Galajda,* 316 N.W.2d 564 (Minn.1982), and *Wacker v. Allstate Ins. Co.,* 312 Minn. 242, 251 N.W.2d 346 (1977), both of which involve widows who settled uninsured-motorist claims arising out of the death of their husbands. Whether the widows had been appointed trustee for the next-of-kin of their deceased husbands was not an issue in either case, and these cases do not stand for the proposition asserted. Furthermore, whether an insurer *can* settle a claim for uninsured benefits for wrongful death with someone other than the trustee of the deceased's next-of-kin is not relevant to Miklas's claims because she never asserted an individual claim against Illinois Farmers. Miklas only asserted claims as trustee of the next-of-kin of Kathleen and Daniel Fields, and that is the only capacity in which she dealt with Illinois Farmers, as all of the settlement documents clearly indicate. Miklas's assertion that she had been appointed trustee is therefore a material fact to the settlement in this case.

The district court denied Illinois Farmers' motion to vacate the order on the basis that settlements are favored and that Illinois Farmers chose to settle without confirming Miklas's assertion that she had been appointed trustee for the next-of-kin of Kathleen Fields. We have affirmed a district court's refusal to vacate approval of settlement of a wrongful-death claim for the limits of deceased's uninsured-motorist coverage when the insurer discovered, after approval of the settlement, that the responsible driver was, in fact, insured. *Snesrud,* 374 N.W.2d at 831. But the parties to the settlement in *Snesrud* both relied on the representations of All Nation Insurance Company,

the responsible driver's insurer, that the driver had allowed coverage to lapse prior to the accident. *Id.* We affirmed the district court's exercise of discretion, declining to vacate the settlement because we concluded that public policy dictates that the court not reward an insurance company's lack of diligence in making the necessary investigation of the claims against its insured. *Id.*

The policy considerations in this case are not the same as in *Snesrud* because in this case Miklas was responsible for obtaining appointment as trustee of the next-of-kin of Kathleen and Daniel Fields *before* initiating a lawsuit to recover claims on behalf of their next-of-kin. *See* Minn.Stat. § 573.02., subds. 1, 3 (stating that the district court has jurisdiction to appoint a trustee to represent the deceased in a wrongful-death action only if the petition for appointment as trustee is brought within three years after the decedent's death). The appointment was within Miklas's control, and knowledge of the non-appointment was readily available to her and her attorneys, but her appointment was asserted in the complaint.

■ The district court did not address Illinois Farmers' motion requesting vacation of Miklas's appointment as trustee. But without such appointment, Miklas had no authority to enter into a settlement as trustee of the next-of-kin of Kathleen Fields and no authority to pursue claims as trustee of the next-of-kin of Daniel Fields. The district court intervened, without the knowledge of Illinois Farmers, to appoint Miklas as trustee in an attempt to save the settlement, but had no authority to do so. "[L]imitation provisions in a statutorily created cause of action are jurisdictional." *See Ortiz v. Gavenda,* 590 N.W.2d 119, 122 (Minn.1999). Minn.Stat.

§ 573.02, subd. 3, provides that, on written petition

> the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action.

The statute of limitations for a wrongful-death action on behalf of Kathleen or Daniel Fields had expired before the district court appointed Miklas as trustee; therefore, the appointment of Miklas as trustee is void because the district court no longer had jurisdiction to appoint a trustee in the matter. *See Ortiz*, 590 N.W.2d at 123 (holding that Minn.Stat. § 573.02, subd. 3, requires the appointment of a trustee prior to the expiration of the three-year statute of limitations within the statutory period). The entity with whom Illinois Farmers settled did not exist, and the district court erred by trying to "breathe life into a claim that has never been anything more than a 'nullity.'" *Id.* Because the district court's action in appointing Miklas as trustee to the next-of-kin for Kathleen and Daniel Fields was contrary to law, the district court abused its discretion by denying Illinois Farmers' motion to vacate the order appointing Miklas as trustee and approving the settlement.

### 2. Dismissal of claims on behalf of next-of-kin of Daniel Fields

■ Miklas has filed a notice of review challenging dismissal of her remaining claims, including her claims against Illinois Farmers for uninsured motorist benefits for the death of Daniel Fields. Miklas argues that her claims against Illinois Farmers are not wrongful-death claims but are contract claims that are still viable because they were asserted within the contract six-year statute of limitations.[1]

Miklas's position is that the district court wrongly applied the three-year statute of limitations for wrongful-death actions to this contract action, which has a six-year statute of limitations. But Miklas confuses application of the statute of limitations to bar her contract claim with the legal effect of the expiration of the limitations period on the claim underlying her contract claim.

The law is well established that the statute of limitations on a claim for uninsured motorist benefits begins to run on the date of the accident and is subject to the six-year limitation applicable to contract actions. *Hughes v. Lund*, 603 N.W.2d 674, 677 (Minn.App.1999) (stating that in Minnesota a claim for uninsured-motorist coverage is governed by six-year statute of limitations contained in Minn.Stat. § 541.05, subd. 1(1)); *Edwards v. State Farm Mut. Auto. Ins. Co.*, 399 N.W.2d 95, 97 (Minn.App.1986) (stating that six-year statute of limitations for contract actions applies to uninsured-motorist-coverage claim because the liability arose from contract), *review denied* (Minn. Mar. 13, 1987).

As the district court correctly noted, uninsured-motorist coverage is designed to place an injured party in the same position they would have occupied if the tortfeasor had been insured. *Dairyland Ins. Co. v. Starkey*, 535 N.W.2d 363, 365 (Minn.1995).

> Uninsured motorist coverage is purchased to protect against the risk that the motorist who injures the purchaser is uninsured * * * and unable to pay the damages the purchaser is entitled to recover under tort law. The victim, in other words, collects under her own policy the compensation that the liability

---

1. As noted above, because Miklas does not have a valid appointment as trustee for the next-of-kin of Daniel Fields she cannot assert claims on behalf of his next-of-kin.

carrier would have paid if the uninsured motorist had been insured.

*McIntosh v. State Farm Mut. Ins. Co.,* 488 N.W.2d 476, 479 (Minn.1992) (citation omitted) (holding that uninsured-motorist-coverage provider is not true first party to a liability claim and that whether an event is an "accident" triggering liability is viewed from perspective of the tortfeasor). Miklas does not dispute that if the driver in this case had been insured, a failure to bring an action against the driver within three years would preclude any recovery from the driver's liability insurer. And the supreme court has stated:

> We do not think those who pay premiums into a pool for uninsured motorist coverage reasonably expect those funds to be available to pay compensation for injuries for which, if the uninsured motorist were insured, his insurance company would not have to pay. * * * Uninsured motorist coverage is not no-fault coverage; fault on the part of the uninsured motorist must be proven under tort law. In other words, under uninsured motorist coverage, the distinction between *coverage* and *liability under that coverage* is radically different than it is under first party coverage.

*Id.*

Illinois Farmers' liability for uninsured-motorist benefits depends on the insured's legal entitlement to recover from the uninsured driver, which no longer exists in this case because the statute of limitations has expired for all claims against the driver arising out of the deaths of Kathleen Fields and Daniel Fields. The basis of dismissal is not that a three-year statute of limitations for wrongful-death claims applies to the claim for uninsured-motorist benefits, but that the expiration of the three-year statute of limitations for bringing claims against the driver extinguishes the insured's legal right to recover from the driver, a condition precedent to Illinois Farmers' obligation to pay uninsured motorist benefits.

The district court did not err in dismissing all of Miklas's remaining claims, including those claims for uninsured-motorist benefits arising from the death of Daniel Fields.

## DECISION

The district court abused its discretion by denying Illinois Farmers' motion to vacate the judgment appointing Miklas as trustee for the next-of-kin of Kathleen and Daniel Fields and approving the minor settlement that was based on Illinois Farmers' reliance on Miklas's representation that she was the duly appointed trustee. The district court did not err by dismissing Miklas's claims against Illinois Farmers for uninsured-motorist benefits when expiration of the statute of limitations for a wrongful-death action against the uninsured driver extinguished Illinois Farmers' liability for such benefits.

**Affirmed in part and reversed in part.**

MINGE, Judge (concurring in part, dissenting in part).

I concur in the majority's resolution of the issue concerning the dismissal of the wrongful-death action on behalf of Daniel Fields. I respectfully dissent, however, from the majority's resolution of the other issue in this case, and I would affirm the district court's decision upholding the settlement with Illinois Farmers Insurance Company. Settlements are favored. *See Johnson v. St. Paul Ins. Cos.,* 305 N.W.2d 571, 573 (Minn.1981); *Gould v. Johnson,* 379 N.W.2d 643, 646 (Minn.App.1986); *Snesrud v. Elbers,* 374 N.W.2d 830 (Minn. App.1985), *review denied* (Minn. Dec. 19, 1985). The settlement in this proceeding was entered into by all parties in good

faith and represents the basis for the appellant's obligation.