## TINA SWANG v. DR. VICTOR P. HAUSER AND ANOTHER.

180 N. W. (2d) 187.

September 18, 1970—No. 42036.

*Thomas F. Burns & Associates,* for appellant.

*Meagher, Geer, Markham & Anderson, Robert M. Frisbee,* and *O. C. Adamson II,* for respondent Hauser.

*Altman, Geraghty, Leonard & Mulally* and *James H. Geraghty,* for respondent Chatterton.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

PETERSON, JUSTICE.

Plaintiff, Tina Swang, instituted medical malpractice actions against two physicians, Dr. Victor P. Hauser and Dr. Carl C. Chatterton, alleging negligence by each of them and, addition-

ally, alleging technical assault and battery by Dr. Hauser. The trial court granted the defendants' motions for a directed verdict. Plaintiff moved for a new trial and appeals from the order denying that motion.

Plaintiff, then 73 years of age, sustained a fall at the home of her niece in St. Paul on February 13, 1964. She immediately experienced pain in her right hip. Defendant Hauser, the family physician of the niece, was called to the home and, after preliminary examination, ordered the plaintiff taken to St. Luke's Hospital. The initial X-ray examination at the hospital did not reveal a fracture. Because he was apprehensive of the stiffening effects of arthritis manifested in her right hip were plaintiff to remain stationary, Dr. Hauser ordered her to move about. The pain did not diminish, so Dr. Hauser had the hip X-rayed again on March 6. This time a fracture was revealed.

Defendant Hauser advised plaintiff that she would have to undergo pin-installation surgery. He told her at the same time that he was scheduled to go on vacation and that he was turning her over to a Dr. Pedersen, who would perform the pinning operation within the week. Plaintiff, however, informed Dr. Pedersen the next day that she wanted to consult defendant Chatterton, an orthopedic surgeon, so Dr. Pedersen turned the patient over to defendant Chatterton. Exactly what he told plaintiff is disputed, but according to plaintiff's testimony she was advised that she should have prosthetic surgery, a procedure involving actual replacement of part of the hip. Dr. Chatterton performed no surgery upon plaintiff and, instead, upon defendant Hauser's return from vacation on March 31, entered "Patient returned to her Dr. Hauser" on the hospital chart.

Defendant Hauser installed a pin in plaintiff's hip on April 7, 1964. Plaintiff was discharged from the hospital on December 5, 1964. The surgery, though performed properly, did not provide the hoped-for relief. According to Dr. Daniel Nelson, a Minneapolis orthopedist to whom plaintiff was referred by her Montevideo physician, the femur had degenerated and made

prosthesis necessary, which he did in November of 1965. Since that time plaintiff has experienced little pain and has been able to walk better.

Plaintiff's action is based upon her claims that she had never been informed by either defendant of the transfer back from Dr. Chatterton's to Dr. Hauser's care and that she had been led to understand that Dr. Chatterton would perform a prosthesis. She maintains that even after the April 7 surgery by Dr. Hauser she thought that it was Dr. Chatterton who had performed the surgery. There is evidence, however, that plaintiff was aware even prior to the surgery of who was to operate on her and of what the operation consisted. In any event, plaintiff conceded in a deposition used at trial that she was aware 6 weeks thereafter, thus about the middle of May 1964, that a pin had been inserted by Dr. Hauser.

Summons and complaint were served on defendant Chatterton on August 5, 1966, and on defendant Hauser August 11, 1966. Though less than clearly stated, these complaints (somewhat more precisely articulated at trial and upon appeal) allege that defendants, particularly defendant Chatterton, were negligent in not communicating with plaintiff concerning her medical status and that defendant Hauser committed assault and battery in performing an operation for which consent had neither been requested nor granted. The trial court directed verdicts in favor of both defendants on the grounds that plaintiff had failed to show a breach of a legal duty owed to plaintiff by either defendant and further, as to defendant Chatterton, that her action was barred by the 2-year statute of limitations, Minn. St. 541.07(1).

The only substantial issue in this case is whether plaintiff has a viable cause of action for technical assault and battery. Her action for negligence, to a great extent asserted upon the same evidence as her claim of technical assault and battery, was wholly without requisite medical testimony to support it. Her action for technical assault and battery, even assuming the existence of an otherwise sufficient evidentiary basis for jury consideration,

was nevertheless barred by the 2-year statute of limitations, duly pleaded as a defense by both defendants.

The 2-year statute of limitations for medical malpractice ordinarily does not commence to run until the termination of the treatment for which the physician is retained. Schmitt v. Esser, 178 Minn. 82, 226 N. W. 196; Id. 183 Minn. 354, 236 N. W. 622, 74 A. L. R. 1312; Couillard v. Charles T. Miller Hospital, Inc. 253 Minn. 418, 92 N. W. (2d) 96. A practical reason for this general rule is that the actionable treatment does not ordinarily consist of a single act or, even if it does, it is most difficult to determine the precise time of its occurrence. A policy reason is that the patient must repose reliance upon his physician in the completion of the course of curative treatment, a relationship of trust which inhibits the patient's ability to discover acts of omission or commission constituting malpractice. The physician must accordingly assume a most substantial burden to establish with certainty that his patient actually knew, or should have known, of the malpractice prior to the end of the treatment.

Plaintiff's action for technical assault and battery, from the uncontroverted evidence, falls outside the general rule for tolling the statutory period of limitations. The alleged tort was a single act of surgery on April 7, 1964; that is, it was complete at that precise time, for no continued course of treatment could either cure or relieve it. And, notwithstanding plaintiff's allegation that defendants failed to communicate with her as to her medical status (cf. Schmucking v. Mayo, 183 Minn. 37, 235 N. W. 633), the evidence clearly establishes that she was actually aware of the facts upon which that claim is based at least by mid-May 1964, more than 2 years before the commencement of her action against either defendant. The fact that the physician-patient relationship with defendant Hauser continued for a few months into the 2-year statutory period would not, therefore, avoid the statutory bar as to that action.

Affirmed.

310

The opinion filed herein on July 10, 1970, is withdrawn and the foregoing opinion is substituted in its place, without change in the result. Petition for rehearing is denied.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.