**Patricia BOTZET, Plaintiff,**

v.

**John SPENCER, Defendant.**

**No. 5–73 Civ. 30.**

United States District Court,
D. Minnesota,
Fifth Division.

July 30, 1973.

Robert J. Leali, International Falls, Minn., Courtney, Gruesen & Petersen by James J. Courtney, Jr., Duluth, Minn., for plaintiff.

Palmer, Hood, Crassweller & McCarthy by Robert H. Hood, Duluth, Minn., for defendant.

NEVILLE, District Judge.

Subject matter jurisdiction over this suit obtains by virtue of diverse citizenship of the parties and an amount in controversy in excess of ten thousand dollars. Defendant originally answered alleging insufficiency of service of process. However, at a hearing at Duluth, Minnesota on April 27, 1973 that position was abandoned. Personal jurisdiction was admitted. The case is presently before the court on defendant's motion for dismissal or for summary judgment based primarily on the affirmative defense that the statute of limitations has run. Defendant alternatively requests that this court abstain from taking any action on this case during the pendency of a case in Canada involving the same issues and these same parties plus an additional defendant. Several other matters of defense have been of-

fered but in view of this court's ruling, need not be considered.

The complaint filed February 14, 1973 alleges that plaintiff was at the time the cause of action accrued and is now a citizen of Minnesota and that defendant John Spencer likewise was and is a citizen of England residing in Fort Frances, Ontario, Canada. Plaintiff alleges that on August 19, 1969 defendant held himself out as a "skilled practitioner of surgery" and that on that date plaintiff submitted herself to defendant for "removal and ligation of variscosities of the right leg" and a "Trendelenburg operation at the groin with attendant ligation of the veins on the left." It is alleged that plaintiff was not informed of the probable and possible consequences of the surgery and therefore that her agreement to undergo the surgery did not constitute informed consent. It is plaintiff's position that she has suffered nerve lesions in the left lower extremities as a result of defendant's negligently performed surgery and negligently administered post-operative care. Defendant has submitted an affidavit which is uncontroverted insofar as it contains a factual allegation that July 20, 1970 was the last date on which he treated or administered to plaintiff.

Minn.Stat. § 541.07 provides in part:[1]

"Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within two years:

(1) For libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury, and *all actions against physicians, surgeons, dentists, hospitals, sanatoriums, for malpractice, error, mistake or failure to cure, whether based on contract or tort* . . . ." [Emphasis added]

Based on analogy to Reich v. State Highway Department, 386 Mich. 617, 194 N.W.2d 700 (1972), plaintiff argues

---

1. If Canadian law were to be applied to this case plaintiff would be in no better position. The statute of limitations for ac- tions of this type in Canada would appear to be one year. R.S.O. ch. 268, § 48 (1970).

that Minn.Stat. § 541.07(1) is unconstitutional. The Michigan Statute in question in *Reich* provided that plaintiffs in tort actions commenced against the state must give notice of intent to commence suit within 60 days of the accrual of the cause of action or be precluded from prosecuting that suit. Plaintiffs in suits against private parties were not required to provide such notice. The Michigan court found that the statute was constitutionally deficient in two respects. It was held that minors who might be "mentally or physically incapacitated by the alleged tortious act" were denied due process by the statute and in general that the statute denied equal protection because of the arbitrary creation of classes which received varying treatment.

■ Plaintiff argues that the same result should obtain here. That contention is not well taken. First, it is unclear from the *Reich* opinion why the court found that the Michigan statute denied due process to minors. In any event, there are no minors and no onerous notice requirements which might give rise to due process questions involved in this suit. Second, the Michigan court found only that equal protection was denied when classes of plaintiffs with similar types of tort claims were arbitrarily created and differentially treated. There is no such result under the Minnesota statute. All medical malpractice torts are subject to a two year limitation. The court finds that the inclusion of contract actions against doctors resulting from personal injury in the same section as tort actions against doctors is eminently reasonable and opens no breach for constitutional attack of the statute merely because all other contract actions are not included in that section. It seems to the court that the salient factor in this categorization by the legislature is the type of harm to be remedied and not the theory by which the claim is advanced. Clearly the mere existence of a statute of limitation is not inherently unconstitutional. Plaintiff's position is appar-

ently based upon an alleged denial of equal protection. Since all plaintiffs and defendants in medical malpractice actions are treated alike under Section 541.07(1), there can be no denial of equal protection.

■■ Defendant has lodged an affidavit with the court which was served upon plaintiff on April 20, 1973 and which states that plaintiff was last seen "for any care or treatment on July 20, 1970." On April 26, 1973 plaintiff lodged an affidavit with the court which makes no mention of and does not controvert the veracity of the evidence concerning the date of July 20, 1970. It is clear that a cause of action for malpractice accrues when treatment ceases. Johnson v. Winthrop Laboratories Division of Sterling Drug, Inc., 291 Minn. 145, 190 N.W.2d 77 (1971). See also Swang v. Hauser, 288 Minn. 306, 180 N. W.2d 187 (1970); Schmit v. Esser, 183 Minn. 354, 236 N.W. 622 (1931). Instead of disputing the date of treatment termination, plaintiff argues that the two year statute of limitations of Section 541.07(1) should not apply to this case. Her theory is that since a suit was brought in Canada allegedly within the time of the statute of limitations, the institution of suit here at a later date beyond the statutory limitation period should be permissible since the suit was prosecuted promptly after service of process was obtained. The structure of that argument relies upon Mayo Clinic v. Kaiser, 383 F.2d 653 (8th Cir. 1967) for support. However, that case provides not even an instable foundation for plaintiff's theory and the argument collapses immediately. In *Mayo*, prior to the running of the statute of limitations, a plaintiff inadvertently brought his suit in a federal district where jurisdiction could not be obtained. The court quashed service of process and transferred the case to the proper district. Plaintiff again promptly served process in the transferee district but was unable to do so before the statute of limitations had run. It was held that the plaintiff would not be penalized for not knowing

where jurisdiction could be obtained since he had diligently prosecuted his claim as soon as it had been transferred.

This case is substantially different. Plaintiff originally brought a suit in Canada and obtained sufficient service of process. Jurisdiction was in no way defective there. The Canadian court could not and did not attempt to transfer the action here to cure any jurisdictional problems. Regardless of plaintiff's difficulties in finding counsel and witnesses in Canada and her avowed intention to dismiss the Canadian claim, the case apparently is still pending at present. The court finds plaintiff's analogies to the *Mayo* case to be totally inapposite. Plaintiff cannot bring a suit on the same cause of action in a second jurisdiction and hope to avoid the defense of the statute of limitations by the mere fact that the first one was commenced within the limitation period.

■■ Section 541.13 of the Minnesota statutes provides that the absence of the defendant from the state will, in some instances, toll the running of the statute of limitations until he returns to the jurisdiction so that process may be then served upon him. However, that exception is not applicable to non-resident defendants. Eliseuson v. Frayseth, 290 Minn. 282, 187 N.W.2d 685 (1971). Therefore, since defendant Spencer has continually been a resident of Canada, that provision is not applicable here and the two-year limitation rule is controlling.

Since more than two years have elapsed between the accrual of plaintiff's cause of action and the filing of this suit, the statute of limitations has run and provides a complete defense. Therefore defendant must be granted his motion for dismissal. Because of the disposition on this ground, the court need not and does not consider the various arguments concerning abstention in favor of the case pending in Canada or any other of defendant's asserted defenses.

A separate order has been entered.