**L.C. CRENSHAW, et al., Appellants,**

v.

**ST. PAUL RAMSEY MEDICAL CENTER, et al., Ramsey Clinic Associates, Respondents.**

No. C9–85–1439.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Review Denied March 27, 1986.

David E. Essling, St. Paul, for L.C. Crenshaw, et al.

Alan R. Vanasek, St. Paul, for St. Paul Ramsey Medical Center.

Richard J. Thomas, St. Paul, for Ramsey Clinic Associates.

Heard, considered and decided by LESLIE, P.J., and WOZNIAK and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

Appellants, L.C. Crenshaw and Corene Crenshaw, filed an amended complaint to include respondent Ramsey Clinic Associates as a defendant in their negligence suit. The trial court found that appellants' cause of action was barred by the two-year statute of limitations under Minn.Stat. § 541.07

(1984) and granted summary judgment in favor of the clinic. On appeal, appellants argue that L.C. Crenshaw was receiving continuous treatment from the clinic and that the statute of limitations should have been tolled until termination of that treatment. We affirm.

## FACTS

On April 24, 1982, L.C. Crenshaw was admitted to St. Paul-Ramsey Medical Center for treatment of a high fever and possible pneumonia. During his hospitalization, on April 28, 1982, Crenshaw suffered an alcoholic hallucination, broke a window on the seventh floor, climbed out of the window, and fell three stories to the roof of the fourth floor below.

After being treated for the orthopedic injuries he suffered as a result of the fall, Crenshaw was discharged from St. Paul-Ramsey on May 21, 1982. After this time, he continued with follow-up visits as an outpatient. These visits were for various purposes: evaluation of his orthopedic injury suffered in the fall, follow-up on his chemical dependency problems, and treatment for other physical ailments. There is no claim made and no facts are presented that would indicate any alleged negligence during any of this treatment after discharge. The only negligence alleged by Crenshaw is the fall itself.

On January 17, 1985, more than two years after Crenshaw's fall and more than two years from the date of his hospital discharge, Crenshaw served and filed an amended complaint which names Ramsey Clinic Associates as a defendant. The clinic moved for summary judgment, claiming that the Crenshaws' complaint was barred by the two-year statute of limitations. The trial court granted the clinic's motion.

## ISSUE

Did the trial court err in finding that the Crenshaws' negligence claim against the clinic was barred by the two-year statute of limitations in Minn.Stat. § 541.07(1)?

## ANALYSIS

The two-year statute of limitations for malpractice cases [1] ordinarily does not commence to run until the termination of the treatment for which the physician is retained. *Grondahl v. Bulluck*, 318 N.W.2d 240, 243 (Minn.1982).

This tolling accommodates two important concerns in negligent medical treatment cases. First, the negligent medical treatment may not consist of a single act and may be difficult to pinpoint in time. Second, effective medical treatment requires trust between the patient and physician during the course of treatment. *Swang v. Hauser*, 288 Minn. 306, 309, 180 N.W.2d 187, 189–90 (1970).

The statute of limitations is not, however, tolled in all cases of alleged negligent medical treatment. When the alleged tort consists of (1) a single act (2) which is complete at a precise time, and (3) which no continued course of treatment can either cure or relieve, and (4) where the plaintiff is actually aware of the facts upon which the claim is based, the cause of action begins to run at the time of the negligent act and not at the end of the course of treatment. *Id.; Murray v. Fox*, 300 Minn. 373, 220 N.W.2d 356 (1974); *Collins v. Johnson*, 374 N.W.2d 536 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. November 25, 1985). All four elements exist in this case.

Plaintiff alleges a single negligent act: the failure to prevent his fall. Once plaintiff fell from the window, the negligence was complete. No course of action could cure or relieve plaintiff's fall after the fact. And finally, plaintiff was aware of the facts upon which he has based his claim before the end of his hospitalization and more than two years before bringing this action against the clinic. In fact, he asserted the cause of action against the co-defendant hospital long before the statute ran and apparently while still being

1. Minn.Stat. § 541.07(1) provides in relevant part: "[T]he following actions shall be commenced within two years: (1) * * * all actions against physicians * * * for malpractice, error, mistake or failure to cure, whether based on contract or tort * * *."

treated there. In this case, as in *Swang* and *Fox*, "the event of malpractice irrevocably occurred," and the statute of limitations began to run, on the date plaintiff went through the window. *Fox*, 300 Minn. at 375, 220 N.W.2d at 358.

## DECISION

The trial court properly granted summary judgment in favor of respondent Ramsey Clinic Associates on the ground that appellants' action against it is barred by the two-year statute of limitations applicable to medical malpractice actions.

Affirmed.