Joyce KODERICK, et al., Appellants,

v.

SNYDER BROTHERS DRUG, INC., Respondent.

No. C2–87–993.

Court of Appeals of Minnesota.

Oct. 20, 1987.

Janet Waller, Soshnik, Waller & Atchison, Minneapolis, for appellants.

Bruce D. Elliott, Cousineau, McGuire, Shaughnessy & Anderson, Chartered, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Joyce Koderick sued Snyder Brothers Drug, Inc. (Snyder) for personal injury. On January 27, 1987, Snyder moved for dismissal for failure to state a claim pursuant to Minn.R.Civ.P. 12.02(5). Koderick responded with an affidavit in opposition to the motion and the trial court treated the motion as one for summary judgment pursuant to Minn.R.Civ.P. 12.03. The trial court entered judgment in favor of Snyder and Koderick appeals. We affirm.

## FACTS

In 1975, Joyce Koderick consulted Dr. Janna Peake for jaw pain. Dr. Peake prescribed an injectable pain killer called Talwin. Koderick filled her prescription at Snyder in the Sunray Shopping Center. For the next eight years, Peake continued to prescribe Talwin and Koderick filled the prescriptions at Snyder.

In December 1983, Koderick was hospitalized for ulcerated sores on her legs. Dr. Peake discontinued the Talwin and began prescribing Elavil (a mood-altering drug) and Dolophine (another pain killer). The last prescription of Talwin was filled in November of 1983. Koderick claims that Snyder continued to sell her other pain-killing drugs between November of 1983 and October of 1984.

In June 1986 Koderick served Snyder with a summons and complaint alleging she suffered personal injuries as a result of Snyder's negligent sale of Talwin.

## ISSUES

1. What statute of limitations applies to the corporate defendant in a negligent sale of prescription drugs?

2. When does the cause of action accrue for negligent sale of a narcotic drug?

## ANALYSIS

On appeal from summary judgment this court will determine whether any genuine issues of material fact exist and whether the law was properly applied. *Poplinski v. Gislason*, 397 N.W.2d 412, 413–14 (Minn. Ct.Ap.1986), *pet. for rev. denied* (Minn. Feb. 18, 1987).

### I

Minn.Stat. § 541.07 (1982) provides: [T]he following actions shall be commenced within two years:

(1) * * * all actions against physicians, surgeons, dentists, other health care professionals as defined in section 145.61, * * * for malpractice, error, mistake or failure to care, whether based on contract or tort; * * *.

Section 145.61 defines professional as

a person licensed * * * to practice as a pharmacist under chapter 151, * * *.

Minn.Stat. § 145.61, subd. 2 (1982). It is clear that pharmacists are health care professionals and are covered by Minn.Stat. § 541.07.

Koderick argues that she is not suing the individual pharmacists but is suing Snyder Brothers Drug, Inc., a Minnesota corporation for negligence not only in the actual dispensing of the drug but for negligence in the maintenance of conditions under which the pharmacists worked, the record keeping procedures of the business and the lack of guidance and control exercised by Snyder. Koderick claims these are acts of negligence independent of any acts of the pharmacists and therefore the claim is controlled by the six year general statute of limitation for injuries to the person. *See* Minn.Stat. § 541.05, subd. 1(5) (1982).

Snyder characterizes any potential liability as arising under a theory of respondeat superior. We agree. The complaint itself does not allege any independent negligence. Koderick's complaint states that Snyder "failed to use reasonable care in selling the narcotic Talwin to plaintiffs and sold the narcotic Talwin to plaintiffs negligently, unlawfully, and wantonly." The complaint alleges a negligent sale of Talwin through Snyder's employee pharmacists. These descriptions of negligence obviously relate to the duty to manage, control, and supervise which is the basis of the doctrine of respondeat superior. Thus, Snyder stands in the shoes of its agent and a statute which bars a claim against the employee also will bar a claim against the employer. *See Kambas v. St. Joseph's Mercy Hospital*, 33 Mich.App. 127, 128, 189 N.W.2d 879, 881 (1971), *rev'd on other grounds*, 389 Mich. 249, 205 N.W.2d 431 (1973).

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial.

Minn.R.Civ.P. 56.05. There are no facts introduced to support alleged independent acts of negligence.

### II

"As a general rule, the cause of action accrues when the accident occurs." *Dalton v. Dow Chemical Co.*, 280 Minn. 147, 151, 158 N.W.2d 580, 583 (1968). There are instances in which strict application of that rule would create injustices, such as when no specific date of injury exists but the injury occur over a period of time. *Id.* In such cases, the action accrues when "the plaintiff discovers or in the exercise of reasonable diligence should have discovered, his illness." *Id.* Koderick argues that the continuous sale of Talwin over a period of eight years caused her injuries so the "discovery of the injury" rule applies.

The trial court found that Koderick knew, or should have known, of her claimed injuries no later than December 1983 when she was hospitalized and the evidence supports this finding. Koderick, in fact, retained legal counsel and started discovery for suit against Dr. Peake at least by the spring of 1985, some six or seven months prior to the expiration of the two year statute of limitation.

There is a second exception to the "time of accident" rule for applying statutes of limitation which has applied to physicians. This exception is known as the "termination of treatment" rule. *See Schmit v. Esser,* 183 Minn. 354, 358, 236 N.W. 622, 624–25 (1931). This exception exists because medical treatment frequently does not consist of a single act. *See Swang v. Hauser,* 288 Minn. 306, 309, 180 N.W.2d 187, 189 (1970). The courts also recognized that the relationship of trust between patient and physician during treatment may make it difficult for the patient to discover malpractice until the treatment relationship ends. *Id.* at 309, 180 N.W.2d at 189–90.

■ Koderick argues that the "termination of treatment" rule also should apply to pharmacists. According to Koderick, after Dr. Peake discontinued the Talwin in December of 1983, the physician substituted Elavil and Dolophine for the treatment of Koderick's jaw pain. Koderick continued to fill these prescriptions at Snyder until October of 1984.

The "termination of treatment" rule cannot be applied. Pharmacists do not treat patients, they fill prescriptions for sale to the customer. *See* Minn.Stat. Chapter 151 (1982). A pharmacist may have no idea as to what the customer is being treated for, or when the course of treatment ends.

In addition, the complaint specifically alleges that Talwin was the drug which caused the injuries. The course of treatment with Talwin ended when the last prescription was filled in November of 1983.

No matter which rule, discovery of injury or termination of treatment is applied, Koderick's action was filed about six months after the two year statute of limitation ran.

## DECISION

The trial court correctly granted summary judgment in favor of Snyder. The facts are not disputed and the law was applied correctly.

Affirmed.