Rosemary DOYLE, Appellant,

v.

Edward V. KUCH, D.M.D., Respondent.

No. C5–99–1951.

Court of Appeals of Minnesota.

May 30, 2000.

Logan N. Foreman, III, and Tamara M. Haas, Minneapolis, for appellant.

William H. Hart, Katherine A. McBride, Barbara A. Zurek, Meagher & Geer, P.L.L.P., Minneapolis, for respondent.

Considered and decided by
ANDERSON, Presiding Judge,
SCHUMACHER, Judge, and
PETERSON, Judge.

## OPINION

### G. BARRY ANDERSON, Judge

Appellant challenges the district court's grant of a Minn. R. Civ. P. 12.02(e) motion to dismiss her dental malpractice claim against respondent as barred by the statute of limitations. Because we are required to draw all inferences in favor of appellant's complaint, which alleges that negligence occurred within two years of the date she commenced suit, the statute of limitations does not bar her claim. Accordingly, we reverse.

### FACTS

On May 6, 1999, appellant Rosemary Doyle filed a complaint alleging dental malpractice by respondent Edward V. Kuch, D.M.D. The alleged negligence corresponds to Kuch's treatment of five of Doyle's teeth from 1986 to May 8, 1997. In his answer to the complaint, Kuch denied all of the allegations and asserted the two-year statute of limitations, Minn.Stat. § 541.07 (1998), as an affirmative defense. Kuch followed his answer with a motion to dismiss plaintiff's complaint, or in the alternative, for summary judgment.

Kuch argued that Doyle's claim was time-barred by operation of the "single-act" exception to the medical malpractice statute of limitations because the last negligent act specifically alleged took place on April 24, 1997, the date he extracted tooth number three. Doyle countered that her claim was timely under the two-year statute of limitations in effect when proceedings were commenced because the negligence continued through her last visit to Kuch's clinic on May 8, 1997. Alternatively, Doyle asserted that her claim fell under the newly amended four-year statute of limitations, effective August 1, 1999. Doyle requested that any dismissal be without prejudice, but did not challenge the district court's jurisdiction over respondent's motion.

The district court treated Kuch's motion as a motion to dismiss, concluded that the two-year statute of limitations applied, and determined that the "single-act" exception operated to set April 24, 1997, as the termination date of Doyle's treatment. Because Doyle commenced the action on May 6, 1999, more than two years after the April 24, 1997 extraction, the district court held that the two-year statute of limitations barred her malpractice claim and dismissed the action with prejudice. Doyle appeals that ruling.

### ISSUES

I. Did the district court have subject-matter jurisdiction over respondent's motion to dismiss?

II. Did the district court err by granting respondent's motion to dismiss?

### ANALYSIS

#### I.

Doyle first claims that Minn. R. Civ. P. 12.02 deprived the district court of jurisdiction to rule on the motion to dismiss. A party may challenge subject-matter jurisdiction for the first time on appeal, and we review the question de novo. *Rasmussen v. Sauer*, 597 N.W.2d 328, 330 (Minn.App.1999), *review denied* (Minn. Sept. 14, 1999).

Rule 12.02 governs defensive motions, including motions to dismiss for failure to state a claim upon which relief can be granted. *See* Minn. R. Civ. P. 12.02(e). Rule 12.02 provides in relevant part that

> [a] motion for making any of [the defenses under Rule 12.02] shall be made before pleading if a further pleading is permitted.

*Id.* Kuch filed his motion to dismiss six days after filing a responsive pleading—his answer.

Although Doyle correctly points out the error, a timing violation under rule 12.02 does not deprive the district court of authority to rule on the motion. The Minnesota Rules of Civil Procedure grant the district court the discretion to review a

motion notwithstanding the time limitations imposed by rule 12.02. *See* Minn. R. Civ. P. 6.02 (permitting district courts to extend time limits imposed "by statute, by these rules, or by a notice given thereunder, or by order of the court"). The district court's discretion to allow a late filing as conferred by the rules is consistent with retained jurisdiction. Accordingly, the district court here retained jurisdiction over Kuch's motion to dismiss.

■ Because we conclude that the district court had subject-matter jurisdiction over the motion, and Doyle did not challenge the late motion below, we do not resolve the question of whether the district court abused its discretion by electing to review Kuch's untimely filing. *See Fahrendorff ex rel. Fahrendorff v. North Homes, Inc.*, 597 N.W.2d 905, 909 (Minn. 1999) (observing that appellate courts will not consider an issue raised for the first time on appeal).

## II.

■ Doyle next argues that the district court erred by granting Kuch's motion to dismiss. When reviewing cases dismissed for failure to state a claim on which relief can be granted, we determine only

> whether the complaint sets forth a legally sufficient claim for relief. It is immaterial to our consideration here whether or not the plaintiff can prove the facts alleged.

*Royal Realty Co. v. Levin*, 244 Minn. 288, 290, 69 N.W.2d 667, 670 (1955).

The Minnesota Supreme Court explained the limited function served by a rule 12.02(e) motion to dismiss in *Northern States Power Co. v. Franklin*, 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963):

> A claim is sufficient against a motion to dismiss based on Rule 12.02(5) [current version at 12.02(e)] if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. To state it another way, under this rule a pleading

will be dismissed only if it appears to a certainty that no facts, which could be introduced consistent with the pleading, exist which would support granting the relief demanded.

*Id.*

■ At the time Doyle filed her May 6, 1999 claim, the medical malpractice statute of limitations required that claims be commenced within two years of the accrual of the cause of action. *See* Minn.Stat. § 541.07(1) (1998). Generally, the "cause of action accrues when the physician's treatment for a particular condition ceases." *Grohdahl v. Bulluck*, 318 N.W.2d 240, 243 (Minn.1982) (citation omitted). This is the general termination of treatment rule.

■ But where there is a single act of allegedly negligent conduct, the statute of limitations begins to run at the time the plaintiff sustains damage from the act. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 428–29 (Minn. 1988). More precisely, the cause of action begins to run at the time of the negligent act (and not at the end of the course of treatment) when the alleged tort consists of (1) a single act; (2) which is complete at a precise time; (3) which no continued course of treatment can either cure or relieve; and (4) where the plaintiff is actually aware of the facts upon which the claim is based; that is, the plaintiff is aware of the malpractice prior to the end of treatment. *Swang v. Hauser*, 288 Minn. 306, 309, 180 N.W.2d 187, 189–90 (1970). We refer to this rule as the "single-act" exception.

> The district court decided that
>
> [t]he single act exception to the general termination of treatment rule applies in this matter. As set out in [Doyle's] Complaint, there are five separate, identifiable acts of alleged negligence by [Kuch] for which treatment was completed at precise times. No further treatment could cure or relieve the alleged negligence as to each of the five

teeth, despite [Doyle's] assertion that [Kuch] continued to treat [her]. * * * Finally, [Doyle] was fully aware of the treatment she was receiving, as evidenced by her detailed Complaint. The facts upon which her claims are based were easily obtainable and discoverable following each specific act of treatment. * * * [Kuch's] alleged malpractice terminated at a specific point in time for each tooth.

While the district court correctly pointed out the challenges Doyle will face with these claims, the problem here is that the complaint alleges *continuing* negligence through May 8, 1997. We disagree with the district court's conclusion that it appears to a certainty that no facts could be introduced consistent with the general termination of treatment rule.

There is a practical reason why the "single-act" exception is an exception: "actionable treatment does not ordinarily consist of a single act or, even if it does, it is most difficult to determine the precise time of its occurrence." *Id.* at 189. Doyle's complaint, at paragraph 17, alleges that

> [t]he accepted practice for a dentist exercising that degree of skill and knowledge normally possessed by a dentist in good standing and using reasonable care under similar circumstances required defendant Kuch to monitor the results of the treatment, identify and diagnose complications such as advancing decay and infection, and treat the infection in a proper and timely fashion.

■ While Doyle ultimately bears the burden of presenting evidence tending to show each element of negligence in order to survive a motion for summary judgment, she need not present evidence to prove her allegations in order survive a rule 12.02(e) motion to dismiss. On review, we must draw all inferences in favor of Doyle and assume that she can prove her claim that Kuch's negligence continued through her final May 8, 1997 dental appointment. *See Paradise v. City of Minneapolis,* 297 N.W.2d 152, 155 (Minn.1980) (explaining that on review of a district court's decision to grant a party's motion for dismissal, all inferences must be drawn in favor of the party against whom the motion was made).

■ Assuming, as we must, that Doyle can prove her claims, the continuing treatment she alleges is not a single act, completed at a precise time, which no continuing course of treatment could cure or relieve. Therefore, Doyle's allegations of negligence through May 8, 1997 do not fall within the "single-act" exception. Under the general termination of treatment rule, Doyle filed her May 6, 1999 complaint within the two-year statute of limitations period. Because the statute of limitations does not, at this stage of proceedings, bar Doyle's claim, we hold that the district court erred by granting Kuch's motion to dismiss.

In so holding, we are mindful that the Minnesota Supreme Court has expressly rejected the notion that a physician's continuing "non-treatment" is sufficient to toll the statute of limitations. *See Fabio v. Bellomo,* 504 N.W.2d 758, 762 (Minn.1993) (holding that the single act exception applied where the physician misdiagnosed the plaintiff's illness and overlooked her breast cancer during later visits). We also recognize that, ordinarily, subsequent remedial treatment does not toll the statute. *See, e.g., Haberle v. Buchwald,* 480 N.W.2d 351, 356 (Minn.App.1992), *review denied* (Minn. Aug. 4, 1992); *Crenshaw v. St. Paul Ramsey Med. Ctr.,* 379 N.W.2d 720, 721 (Minn.App.1986), *review denied* (Minn. Mar. 27, 1986).

■ The determinations in those cases, however, were made with the benefit of evidence supplied in response to motions for summary judgment. Unlike review of a motion for summary judgment, a determination on a rule 12.02(e) motion to dismiss must be confined to the pleadings. Minn. R. Civ. P. 12.02; *see also Bush v. City of Lakefield,* 399 N.W.2d 169, 171–72 (Minn.App.1987), *review denied* (Minn.

Mar. 18, 1987). On the pleadings alone, without the aid of other evidence or expert testimony, the district court's determination of whether Kuch's treatments were single acts of negligence, as opposed to a continuing course of negligent conduct ending on May 8, 1997, was premature.

Because we hold that the district court erred by granting Kuch's motion to dismiss, we need not decide whether the dismissal ought to have been without prejudice.

## DECISION

The district court erred by dismissing appellant's dental malpractice claim as barred by the statute of limitations because her complaint does not allege negligence that falls within the "single act" exception to the general termination of treatment rule. Under the general termination of treatment rule, appellant's claim falls with the limitations period.

Reversed.