**Eugene B. SYKES, Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, Defendant.**

**No. 65–560–Civ.**

United States District Court
S. D. Florida.

March 14, 1967.

Burdick & Silvian, West Palm Beach, Fla., for plaintiff.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for defendant.

## SUMMARY FINAL JUDGMENT

CABOT, District Judge.

This cause came on for hearing on defendant's motion for summary judgment. It is a negligence action brought by a father for the death of his minor son in a collision allegedly caused by an uninsured motorist. At the time of the accident the deceased was insured under a "Family Combination Automobile Policy" issued by the defendant which in pertinent part provided:

In consideration of the payment of the premium for this endorsement, the Company agrees with the named insured, * * *:

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, hereinafter called "bodily injury," sustained by the insured, caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile. * * *

Plaintiff commenced this action against defendant on June 12, 1965, more than two years after the date of the accident.

The legal question presented by this motion for summary judgment is whether or not the applicable statute of limitations had run at the time this action was commenced.

Plaintiff's position is that this is an action on a contract and that the five year statute of limitations for contracts provided in Florida Statutes § 95.11(3), applies. Defendant contends that this is an action under Florida Statutes § 768.03, for the wrongful death of a minor child, and that the two year

statute of limitations of Florida Statutes § 768.04, applies, and consequently, this action is barred.

There are several cases in Florida which have dealt with similar insurance contracts, but none have dealt with this precise problem of the applicable statute of limitations.

Section 768.03 of the Florida Statutes, enables a father to sue for the wrongful death of a child. While the wrongful death statute is primarily for negligence actions, it does extend to actions ex contractu as provided in Florida Statutes § 768.03(2), Florida Statutes § 768.04, provides that all actions allowed under Section 768.03 are barred unless brought within two years from the date the cause of action accrues.

The leading case in Florida is Zeagler v. Commercial Union Ins. Co. of N.Y., 166 So.2d 616 (Fla.App.1964). In that case the Court decided that a surviving spouse had a right to recover from an insuror under an uninsured motorist clause for wrongful death of an insured which was occasioned by the wrongful activity of an uninsured motorist. The majority of the court read the wrongful death statute and Florida Statute § 627.-0851(1), which requires insurance companies to provide uninsured motorist coverage, together and decided that there was a right of action for wrongful death covered by the terms of the uninsured provisions of the policy. Judge Horton concurred in part and dissented in part in the Zeagler case and pointed out that the two rights (wrongful death and insurance contract) are not synonymous. One arises out of the contract and the other was created by statute.

Subsequent cases have consistently relied on the Zeagler case. In Netherlands Ins. Co. v. Moore, 190 So.2d 191 (Fla. App.1966), the Court held that dependent's claim arises by virtue of the death by wrongful act statute. In Standard Accident Ins. Co. v. Gavin, 184 So.2d 229, 232 (Fla.App.1966), a case dealing with an improper limit on liability, the Court stated:

> It is well settled in this State that where a contract of insurance is entered into on a matter surrounded by statutory limitations and requirements, the parties are presumed to have entered into such agreement with reference to the statute, and the statutory provisions become a part of the contract.

Another case which follows the Zeagler case is American Fidelity Fire Ins. Co. v. Clark, 174 So.2d 106 (Fla.App.1965), where the Court interestingly pointed out that the Supreme Court of Florida denied certiorari in Commercial Union Ins. Co. of N. Y. v. Zeagler, 172 So.2d 450 (Fla.1965); therefore, in essence affirming it.

Finally, the stated policy behind the uninsured motorist coverage was that injuries sustained by injured should be recoverable under a policy for damages in the same way as they would have been recoverable against an offending motorist had that motorist maintained a liability policy.

Even though on first glance Judge Horton's dissent in the Zeagler case, supra, appears correct, the cases have consistently followed the majority's reasoning. If the policy as set out above and the insurance contract itself, which provides that the insurance company is to "pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile," are examined, it may be seen that were the plaintiff allowed to sue under the five year limitation of Florida Statutes § 95.11, applicable to contract actions, the Court would in effect be giving him a greater right than he would have were he suing a tort feasor who was covered by insurance, wherein he would be bound by the two year limitation under Florida Statutes § 768.04, the wrongful death statute. In addition, the wrongful death statute, in

Section 768.04, expressly provides that it will apply ex contractu.

Finally, the *Zeagler* case, supra, and other applicable Florida cases have been consistent in their position that this is a wrongful death action covered by the terms of the uninsured motorist provision of·the insurance contract.

Accordingly, the Court concludes that:

1. This is an action based upon the wrongful death statute and the two year statute of limitations as prescribed in Florida Statutes § 768.04, applies.

2. There is no genuine issue of a material fact with respect to the issues in the cause.

It is, therefore, ordered and adjudged that summary final judgment is entered for the defendant, Fireman's Fund Insurance Company, and against the plaintiff, Eugene B. Sykes, and the plaintiff shall go hence without day.