19208

Jessie A. LAWSON, Respondent, v. Donald H. PORTER, Appellant

(180 S. E. (2d) 643)

*Messrs. Odom, Nolen, Terry & Abernathy,* of Spartanburg, *for Appellant.*

*James C. Cothran, Jr., Esq., Moore, Stoddard & Sanders,* of Spartanburg, *for Respondent,*

April 15, 1971.

Moss, Chief Justice:

Jessie A. Lawson, the plaintiff herein, instituted this action against Donald H. Porter, the defendant herein, to recover damages for bodily injuries sustained by him while he was riding as a passenger in a car which was involved in a collision with a vehicle driven by the defendant and owned by another person.

Unigard Insurance Company had the liability insurance coverage on the vehicle being operated by the defendant but because the palintiff anticipated the denial of liability coverage by Unigard, National Grange Mutual Insurance Company, plaintiff's insurance carrier, was served with the summons and complaint pursuant to Section 46-750.33 of the Code.

National Grange appeared and moved to set aside the service of the summons and complaint on the ground that the plaintiff had executed a "Release and Trust Agreement", by which it was released from any liability under the uninsured motorist provision of its policy and subrogating it to the extent of the payment made thereunder to the proceeds of any settlement or judgment recovered by the plaintiff against the operator of the uninsured automobile. National Grange, pursuant to Circuit Court Rule 89, requested the plaintiff to admit that he had executed a "Release and Trust Agreement", for a consideration of $40.00 of his claim for damages against National Grange under the uninsured motorist endorsement contained in his policy. In the

alternative, National Grange moved to be made a party plaintiff to this action so that it could assert its subrogation claim against the defendant.

All of these motions were heard by The Honorable Charles M. Pace, Judge of the Spartanburg County Court, and such were decided adversely to National Grange. This appeal followed.

The applicable statute, Section 46-750.32 of the Code, requires that automobile liability insurance policies issued or delivered in this State contain an endorsement obligating the insurer to pay to the insured, within prescribed limits, such sum as he may be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. An uninsured motor vehicle is defined by Section 46-750.31 of the Code, as "A motor vehicle as to which there is no * * * liability insurance * * *, or there is such insurance, but the insurance company * * * denies coverage thereunder."

It is provided in Section 46-750.33 of the Code, that:

" * * * No action shall be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing such liability are served in the manner provided by law upon the insurance carrier writing such uninsured motorist provision. The insurance carrier shall have the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability, and shall have twenty days after service of process on it in which to make such appearance. * * *"

Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage. After judgment is entered against the uninsured motorist, a direct action *ex contractu* can be brought to recover from the insurance company on its endorsement and in such action

policy defenses may be properly raised by the insurance company. *Laird v. Nationwide Ins. Co.*, 243 S. C. 388, 134 S. E. (2d) 206; *Vernon v. Harleysville Mut. Cas. Co.*, 244 S. C. 152, 135 S. E. (2d) 841; *Hatchett v. Nationwide Mut. Ins. Co.*, 244 S. C. 425, 137 S. E. (2d) 608; *Sheffield v. American Indem. Co.*, 245 S. C. 389, 140 S. E. (2d) 787; and *Squires v. National Grange Mut. Ins. Co.*, 247 S. C. 58, 145 S E. (2d) 673.

An insurance carrier paying a claim under the uninsured motorist provision of its policy of liability insurance is subrogated to the rights of the insured to whom such claim was paid, against any and every person causing such injury, to the extent that payment was made. Section 46-750.36 of the Code. We think the trial judge properly held that the release and subrogation rights of National Grange, plaintiff's insurer, were irrelevant to a determination of the liability of the defendant. In the event the plaintiff obtains a judgment against the defendant and an action *ex contractu* is brought by him against National Grange, under the uninsured motorist provision of his policy, then National Grange may plead any policy defenses and any rights it has under the "Release and Trust Agreement."

The exceptions of National Grange are found to be without merit and the order of the trial judge is,

Affirmed.

Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.